UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | * | BANKRUTPCY CASE |
| RICHARD ANTHONY BOLDEN, | * | CASE NO. 19-30161-JPS |
| JACQUELINE MEICHELLE BOLDEN A/K/A | | |
| JACKIE M. BOLDEN, | * | |
| DEBTORS | * | CHAPTER 13 PROCEEDING |

NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION
WITH RESCHEDULED CONFIRMATION DATE

RICHARD ANTHONY AND JACQUELINE MEICHELLE BOLDEN, DEBTORS IN THE ABOVE-STYLED BANKRUPTCY MATTER, HAS FILED DOCUMENTS WITH THE COURT TO MODIFY DEBTOR'S CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. **If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

**The original confirmation was scheduled for MAY 1ST, 2019.** If you do not want the court to grant this motion, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response within 21 days from the date of this notice **and attend the rescheduled confirmation hearing noted below**. If you are receiving this notice by mail, you may add 3 days to the response date. The objection or response should be sent to:

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P.O. Box 1957
Macon, GA  31202
478-752-3506

**The rescheduled confirmation hearing shall be held on:**

**MAY 29, 2019 at 10:30 am at the U. S. Courtroom, Athens, Post Office Building,
115 E. Hancock Ave., Athens, GA  30601.**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to L.B.R. 3015-2 (d)(2)(A).

THIS __30th_ DAY OF __April__, 2019

/s/ William Rhymer_____
WILLIAM RHYMER
Attorney for Debtor(s)
Georgia State Bar No. 602450
Rhymer Law LLC
P. O. Box 81028
Conyers, GA  30013
(770) 918-8000
rhymerlaw@aol.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO: 19-30161-JPS |
| RICHARD ANTHONY BOLDEN, | * | CHAPTER: 13 |
| JACQUELINE MEICHELLE BOLDEN A/K/A | * | |
| JACKIE M. BOLDEN, | * | |
| DEBTORS | * | |

FIRST AMENDED CHAPTER 13 PLAN

Richard Anthony and Jacqueline Meichelle Bolden, Debtors, having filed the initial Plan on February 25, 2019 hereby amend the Plan in this case as follows:

The Initial Plan is deleted in its' entirety and in lieu thereof substitutes the First Amended Chapter 13 Plan attached hereto and incorporated herein as Exhibit A.

This __30th__ day of __April__, 2019.

/s/ William Rhymer
WILLIAM RHYMER
Attorney for Debtor(s)
Georgia State Bar No. 602450
P.O. Box 81028
Conyers, GA 30013
(770)918-8000

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| DEBTOR | * | Chapter 13 | |
|---|---|---|---|
| Richard Anthony Bolden | * | Case No. | 19-30161 |
| Jacqueline Meichelle Bolden | | | |

☒ Check if this is a modified plan and list below the sections of the plan that have been changed.
**First Amended Plan 3.2, 3.3, 3.4, 6   (Exhibit A)**

### CHAPTER 13 PLAN
### MIDDLE DISTRICT OF GEORGIA
### (NOT OFFICIAL FORM 113)

**Part 1:  Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you.  Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| 1.1. | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | X Included | ☐ Not Included |
|---|---|---|---|
| 1.2. | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | X Included | ☐ Not Included |
| 1.3. | **Nonstandard Provisions:** The plan sets out **Nonstandard Provisions in Part 6.** | X Included | ☐ Not Included |

**1. 4 Income status of debtor(s) as stated on Official form 122-C1**

**Check One**:

X The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

**Part 2: Plan Payments and Length of Plan**

2.1.  **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the **debtor(s)** (or the debtor's(s') employer) shall pay to the Trustee the sum of $ **2106.00** weekly/bi-weekly/semi-monthly/**monthly**. (If the payments change over time include the following.) These plan payments change to $_____ weekly/bi-weekly/semi-monthly/monthly on _____, 20____.

2.2.  **Additional Payments:** Additional Payments of $_____will be made on _____ from _____. (Source)

2.3.  **Plan Length:** If the debtor's(s') current monthly income is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor's(s') current monthly income is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3: Treatment of Secured Claims**

From the payments so received, the Trustee shall make disbursements to allowed claims as follows:

3.1.  **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| **Home Point Financial** | **April 1, 2019** | **$1049.00** | X |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

3.2. **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5.

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| **Home Point Financial** | **$6884.00** | **3.5%** | **Residence** | **$220.00** |
| **Woodlake Community Assoc.** | **$ 250.00** | **6.%** | **Residence** | **$15.00** |

3.3. **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Navy Federal CU. #2** | **$16110.00** | **6%** | **2011 GMC Sierra** | **$361.00** |

3.4. **Preconfirmation Adequate Protection Payments:** Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **Navy Federal CU. #2** | **$125.00 monthly** |
| **Peters & Foster** | **$15.00 monthly** |

3.5. **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| **Peters & Foster** | **$700.00** | **$500.00** | **6.%** | **Furniture** | **$15.00** |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

3.6. **Surrendered Collateral:** The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. Upon confirmation of this plan, the stay

GAMB Form 113 Word Format 12/1/18

under § 362(a) will terminate as to the collateral only and the stay under § 1301 will terminate in all respects unless the debt is listed as a classified debt in Paragraph 5.3 of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **Regional Acceptance Corp.** | **½ undivided interest in 2014 Chevrolet Sonic** |

3.7.     **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| **Woodlake Community HOA** | **Residence** |

3.8.     **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4: Treatment of Fees and Priority Claims**

4.1.     **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $__**3250.00**__ to be paid as follows: **(SELECT ONE)**

☒ Pursuant to the Single Set Fee option in the Administrative Order on Attorney Fees in Chapter 13 Cases.

☐ Hourly billing: Attorneys are required to file an application for compensation with the Court, including an itemization of their time, in accordance with the Administrative Order on Attorney Fees in Chapter 13 Cases.

4.2.     **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the case.

4.3.     **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| **N/A** | |

4.4.     **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.3 will be paid in full over the life of the plan as funds become available in the order specified by law.

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1. **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative; debtor(s) will pay the highest of the three):**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of $__**0**____ to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $_**0**_____. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $___**0**___ to the general unsecured creditors to be distributed pro rata.

5.2. **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a) __**0**___ % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

(b) The debtor(s) anticipates unsecured creditors will receive a dividend of ____%, but will also pay the highest amount shown in paragraph 5.1(a), 5.1(b), or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. **Classified Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay less than 100%, or to pay a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
| __**N/A**_____ | _____ | _____ |
| _____ | _____ | _____ |

5.4. **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions**.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **N/A**_____ | _____ |
| _____ | _____ |
| _____ | _____ |

5.5. **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6. **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

**Nonstandard Provisions:** Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.*

1. Objections to Proof of Claims maybe filed before or after confirmation.
2. Mortgages arrears and HOA arrears shall be paid as filed unless an objection to the claims are filed
3. The Debtors' ½ interest in the 2014 Chevrolet Sonic is to be surrendered and the debt is to be paid outside the plan by the cosigner. If there is ever a deficiency it is to be paid as a general unsecured debt.
4. The Debtors' plan provides that the nonpurchase nonpossessory liens on the Debtors' household goods held by the following creditors shall be avoided upon confirmation of the plan and extinguished upon the discharge being issued in the case: Reliable Finance Company, Republic Finance and Sunset Finance pursuant 11 USC 522.

**Part 7: Signatures**

7.1. **Certification:** The debtor's(s') attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official Form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions**.

/s/ Richard Anthony Bolden_____     Date __04/29/2019_____
Signature of debtor                                                   MM/DD/YYYY

/s/ Jacqueline Meichelle Bolden_____     Date __04/29/2019_____
Signature of debtor                                                   MM/DD/YYYY

Debtor's(s') Attorney

/s/ William Rhymer_____     Date ___04/29/2019_____
Signature of debtor's(s') attorney                              MM/DD/YYYY

GAMB Form 113 Word Format 12/1/18

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF GEORGIA

RE:  Richard Anthony & Jacqueline Meichelle Bolden  CASE NO: 19-30161

     I declare under penalty of perjury that the facts contained in the within and foregoing documents are true and correct and are based upon personal knowledge.

Date: 4-29-19                                           Signature: /s/ Richard Anthony Bolden
                                                           Richard Anthony Bolden          Debtor

Date: 4-29-19                                           Signature: /s/ Jacqueline Meichelle Bolden
                                                           Jacqueline Meichelle Bolden      Debtor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO: 19-30161-JPS |
| RICHARD ANTHONY BOLDEN, | * | CHAPTER: 13 |
| JACQUELINE MEICHELLE BOLDEN A/K/A | * | |
| JACKIE M. BOLDEN, | | |
| DEBTORS | * | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached Notice of Motion to Modify Chapter 13 Plan Before Confirmation with Rescheduled Confirmation Date and First Amended Chapter 13 Plan was sent (1) via electronic notice to parties who are ECF Filers and Consenting Users. (2) via electronic notice to ECF Filers and Consenting Users who represent parties and (3) mailed postage prepaid to all other interested parties at their addresses shown below:

| Via U.S. Mail | Via Electronic Notice |
|---|---|
| Richard & Jacqueline Bolden<br>3015 Summit Lane<br>Monroe, GA  30655 | Camille Hope, Trustee |
| (All Scheduled Creditors Listed on Attached Matrix). | |

This __30th___ day of ___April__, 2019.

Respectfully Submitted,

/s/ William Rhymer
William Rhymer
Attorney for Debtors
Georgia State Bar No. 602450

P. O. Box 81028
Conyers, GA  30013
(770) 918-8000

Amerimark Premier
PO Box 2845
Monroe, WI  53566-8045


Amerimark Premier/Colony
111 27th Ave
Monroe, WI  53566-1364


Attorney General of GA
c/o Wright Banks
40 Capitol Sq SW
Atlanta, GA  30334-9057


Christina Bolden
213 E 5th St
Monroe, GA  30655-6289


Credit One Bank
c/o LVNV Funding LLC
PO Box 10497
Greenville, SC  29603-0497


Credit One Bank N.A.
c/o Midland Credit Mgmt.
PO Box 301030
Los Angeles, CA  90030-1030


Dept. of Justice-Tax Division
Attn: Chief, Civil Trail, S. Region
PO Box 14198
Washington, DC  20044-4198


Discount Tire/Synchrony
c/o Portfolio Recovery Assoc. Inc.
PO Box 12614
Norfolk, VA  23541-0614

Case 19-30161    Doc 17    Filed 04/30/19    Entered 04/30/19 10:39:08    Desc Main
Document      Page 11 of 15

FHA/HUD
5 Points Plz Bldg 1700
Atlanta, GA  30303


Georgia Department of Revenue
Bankruptcy Section
1800 Century Blvd NE Ste 17200
Atlanta, GA  30345-3206


Homepoint Financial
11511 Luna Rd Ste 300
Farmers Branch, TX  75234-6022


Internal Revenue Services
Attn: S. Davenport Inslv. Unit
401 W P'tree St Stop 334-D
Atlanta, GA  30308


IRS
PO Box 7346
Philadelphia, PA  19101-7346


Maxwell Wood, US Atty MDGA
PO Box 1702
Macon, GA  31202-1702


Money Lion Inc.
80 Broad St
New York, NY  10004-2209


N.C Financial
175 W Jackson Blvd # 100
Chicago, IL  60604-2615


Navy Federal Credit Union #1
PO Box 3100
Merrifield, VA  22119-3100

Navy Federal Credit Union #2
PO Box 3100
Merrifield, VA  22119-3100


Net Credit
200 W Jackson Blvd Ste 2400
Chicago, IL  60606-6941


Peter & Foster
PO Box 470
Monroe, GA  30655-0470


Regional Acceptance Corp
1424 E Fire Tower Rd Apt E
Greenville, NC  27858-4105


Reliable Finance Co. Inc.
PO Box 2935
Gainesville, GA  30503-2935


Republic Finance
2020 Eastside Dr Ste 204
Conyers, GA  30013-1955


Rise/ECS
4150 International Plz Ste 300
Fort Worth, TX  76109-4819


Sunset Finance of Monroe LLC
412 1/2 S Broad St
Monroe, GA  30655-2164


SYNCB/Walmart
PO Box 965024
Orlando, FL  32896-5024

The Home Depot/Citibank NA
c/o Midland Credit Mgmt.
PO Box 301030
Los Angeles, CA  90030-1030


Tractor Supply Co./Citibank
PO Box 6497
Sioux Falls, SD  57117-6497


U.S. Attorney General
Main Justice Building
950 Pennsylvania Ave NW
Washington, DC  20530-0009


U.S. Attorney MDGA
Civil Div. Attn: Civil Clerk
300 Mulberry St Fl 4
Macon, GA  31201-7999


Veterans Affairs
1700 Clairmont Rd
Decatur, GA  30033-4032


Webbank/Fingerhut
6250 Ridgewood Rd
Saint Cloud, MN  56303-0820


Windstream/LVNV Funding
c/o Resurgent
PO Box 1269
Greenville, SC  29602-1269


Women Within/Comenity Bank
PO Box 182125
Columbus, OH  43218-2125

Woodlake Community Assoc. Inc.
c/o Homeside Properties Inc.
PO Box 907
Commerce, GA  30529-0017


Woodlake Homeowners Assoc.
4085 Lakeside Blvd
Monroe, GA  30655-8366